## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL YAUGER and**<br>**DAWN YAUGER, h/w,** | **CIVIL ACTION** |
| Plaintiffs, | **NO. 23-4075-KSM** |
| *v.* | |
| **MID-CENTURY INSURANCE COMPANY**, | |
| Defendant. | |

## MEMORANDUM

**Marston, J.**                                                          **February 12, 2024**

Plaintiffs Michael and Dawn Yauger bring claims for breach of contract, bad faith, and loss of consortium against Defendant Mid-Century Insurance Company[1] ("Defendant") for failing to pay benefits allegedly due to Plaintiffs under their underinsured motorist insurance coverage after Mr. Yauger was injured in a car accident. (*See* Doc. No. 1.) Defendant moves to dismiss Counts II and III of the Complaint, the statutory bad faith and loss of consortium claims. (Doc. Nos. 9–11.) Plaintiffs oppose the motion. (Doc. No. 20.) For the reasons that follow, the Court grants the motion and will dismiss these claims without prejudice.

### I.      BACKGROUND

Taking the allegations in the Complaint as true, the relevant facts are as follows.[2]

---

[1] On November 14, 2023, the Court granted the parties' Consent Motion to Amend the Caption and Mid-Century substituted Farmer's Insurance Exchange Company as the Defendant. (Doc. No. 6.)

[2] "The District Court, in deciding a motion under Fed. R. Civ. P. 12(b)(6), [i]s required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]." *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

On or about November 9, 2022, at approximately 12:48 p.m., Mr. Yauger was driving his car eastbound on Newtown-Richboro Road in Bucks County, Pennsylvania.  Suddenly, an underinsured third-party tortfeasor, also traveling eastbound, violently collided with the rear of Mr. Yauger's car causing Mr. Yauger to suffer serious bodily injuries.  (Doc. No. 1 at ¶ 7.)  On or about August 18, 2023, Mr. Yauger settled his claim with the third-party tortfeasor for a sum of $50,000.00.  (*Id.* at ¶ 15.)  Mr. Yauger, on the date of the collision, was driving under an automobile insurance policy issued by Defendant, which includes underinsured motorist coverage of "$25,000/$50,000."  (*Id.* at ¶ 16.)  As a result of his injuries, Mr. Yauger has accumulated medical bills, expenses, and wage loss "which are recoverable from the underinsured motorist policy" in the amount of $5,026.00.  The Yaugers claim that this "sum may/will continue to increase."  (*Id.* at ¶ 13.)

Mr. Yauger brings a breach of contract claim (Count I) against Defendant because "the documentation Plaintiff submitted to Defendant establishes that as a result of the accident . . . , Plaintiff sustained permanent injuries resulting in permanent residual liability" (*id.* at ¶ 18); Defendant "has never had either Plaintiff examined by any physician" (*id.* at ¶ 20); and "despite having no medical evidence of its own to refute Plaintiff's medical evidence, Defendant, . . . without justification, refused to pay Plaintiff's underinsured motorist benefits" (*id.* at ¶ 21).

Mr. Yauger also brings a statutory bad faith claim under 42 Pa. C.S.A. § 8371 (Count II), alleging that Defendant's bad faith was evidenced by the following:

> (a) Failing to provide to Plaintiff contracted-for insurance coverage due to Defendant's own failings or mistakes;
>
> (b) Failing to provide to Plaintiff contracted-for insurance coverage due to Defendant's own authorized agent's failings or mistakes;

(c) Failing to provide to Plaintiff contracted-for insurance coverage despite being keenly and fully aware of that stated in (a) and (b), above;

(d) Failing to correct or act upon Defendant's mistakes, despite being aware of same; and,

(e) Forcing Plaintiff to file the instant action to recover UIM benefits.

*More specifically,* Defendant's bad faith consists of the following, in addition to that stated above:

(a) Defendant is clearly playing a "cat and mouse" game with Plaintiff;

(b) On or about August 25, 2023, Defendant made a verbal offer to resolve the underinsured motorist claim of Plaintiff in the sum of $2,500.00 even though Defendant knew that this sum was inadequate to cover lawfully recoverable medical bills incurred by Plaintiff, let alone any recovery for pain and suffering to which Plaintiff is entitled, by law;

(c) At no time up to the filing of this Complaint did Defendant ever provide to Plaintiff with a calculation or summary of how Defendant determined the aforesaid sum, despite a request for same;

(d) Defendant has breached its implied and lawful duty of good faith and fair dealing to Plaintiff;

(e) Specifically, due to the above actions of Defendant was Plaintiff given no alternative but to file the instant law suit in order to obtain information and benefits to which Plaintiff is otherwise entitled by law, without filing a law suit.

(*Id.* at ¶¶ 29–30; *see also* Doc. No. 20-2 at 4–5.)

Finally, Plaintiff Dawn Yauger brings a claim against Defendant for loss of consortium (Count III). (Doc. No. 1 at ¶¶ 32–33.) Mrs. Yauger alleges that "as a direct and proximate result of the negligence and carelessness (sic) conduct of third-party tortfeasor, Dawn Yauger, as spouse of Plaintiff, . . . has been deprived of the society, companionship, aid . . . and loss of consortium of said spouse." (*Id.* at ¶ 32.)

## II.      LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although we must accept as true the allegations in the complaint, we are not "compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (quotation marks omitted).  In other words, a "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.*

## III.     ANALYSIS

Defendant moves to dismiss Plaintiffs' statutory bad faith and loss of consortium claims.

### A.      Statutory Bad Faith

Pennsylvania's bad faith statute, 42 Pa. C.S.A. § 8371, allows the court to award interest, punitive damages, court costs, and attorney's fees if it "finds that the insurer has acted in bad faith toward the insured."  To succeed on a claim for bad faith, a plaintiff must show by clear and convincing evidence: "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997) (citing *Terletsky v. Prudential Prop.*

*& Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)).  Actions taken by insurers that can rise to the level of bad faith include "'a frivolous or unfounded refusal to pay, lack of investigation into the facts, or a failure to communicate with the insured.'"  *Shallow v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 20-01336, 2020 WL 1508376, at *2 (E.D. Pa. Mar. 30, 2020) (quoting *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999)).  "Bad faith is not present merely because an insurer makes a low but reasonable estimate of an insured's damages."  *Smith v. State Farm Mut. Auto. Ins. Co.,* No. 12–1681, 2012 WL 5910532 at *2 (3d Cir. Nov. 27, 2012) (quoting *Johnson v. Progressive Ins. Co.*, 987 A.2d 781, 784 (Pa. Super. Ct. 2009)).

"Bad faith claims are fact specific and turn on the specific conduct of the insurer towards the insured."  *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017).  As such, "[a] plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements."  *Id.* (citations omitted).  "A plaintiff cannot merely say that an insurer acted unfairly, but instead must describe with specificity what was unfair."  *Id.* (citations omitted).

Courts in this Circuit regularly dismiss bad faith claims when the complaint is devoid of specific factual allegations of bad faith conduct and is merely comprised of bare-bones, conclusory allegations.  *See, e.g.*, *Shallow*, 2020 WL 1508376, at *2 (collecting cases); *Myers v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 17-3509, 2017 WL 3891968, at *3 (E.D. Pa. Sept. 6, 2017) (collecting cases).  For example, in *Yohn v. Nationwide Insurance Co.*, the court held that the "complaint consists mostly of conclusory statements that are not supported by factual allegations."  No. 1:13-CV-024, 2013 WL 2470963, at *5 (M.D. Pa. June 7, 2013).  The court emphasized that although the plaintiff alleged "that the defendant failed to properly consider evidence that he and his counsel supplied and that the defendant failed to employ only

5

reasonable demands for proof of loss," the plaintiff did "not allege what evidence was supplied

that was not considered or what demands for proof of loss the defendant made." *Id.*  The court

further noted that although the plaintiff alleged that he had incurred medical expenses, "he does

not allege anything about the amount of those expenses or what medical treatment he received or

will likely need in the future" and "has not alleged anything about what information he provided

to the defendant about the value of his claim." *Id.* at *7.

       Here, nearly all of Plaintiffs' allegations in the complaint are conclusory statements, and

thus the Court must dismiss the claim as lacking sufficiently specific factual allegations.  Here,

Plaintiffs make the following three allegations that appear relevant to Mr. Yauger's bad faith

claim:

- Plaintiffs submitted documentation of medical injuries and expenses, but Defendant never had Plaintiff examined by a physician;

- On August 25, 2023, Defendant made a verbal offer for $2,500 "even though Defendant knew that this sum was inadequate to cover lawfully recoverable medical bills incurred by Plaintiff, let alone any recovery for pain and suffering;"

- "At no time up to the filing of this Complaint did Defendant ever provide to Plaintiff with [sic] a calculation or summary of how Defendant determined the aforesaid sum, despite a request."

(Doc. No. 1 at ¶¶ 18, 20, 30(b)–(c).)[3]  These allegations lack the requisite specificity, such as the

dates and content of follow up communications between the parties, and the nature of the

---

[3] The remainder of Plaintiffs' allegations in the Complaint are even more conclusory.  (*See, e.g.*, Doc. No. 1 at ¶ 30(a) ("Defendant is clearly playing a 'cat and mouse' game with Plaintiff"); *id.* at ¶ 30(d) ("Defendant has breached its implied and lawful duty of good faith and fair dealing to Plaintiff"); *id.* at ¶ 30(e) ("Specifically, due to the above actions of Defendant was Plaintiff [sic] given no alternative but to file the instant law suit in order to obtain information and benefits to which Plaintiff is otherwise entitled by law, without filing a law suit.").)

information provided to Defendant for the purpose of processing the claim. *See Clapps v. State Farm Ins. Cos*., 447 F. Supp. 3d 293, 300 (E.D. Pa. 2020) ("Plaintiff alleges that Defendant failed to complete a prompt and thorough investigation of Plaintiff's claim and failed to promptly provide a reasonable factual explanation of the basis for the denial of Plaintiff's claim, but there are no facts alleged in the Complaint that relate to the alleged delay, such as the length of time that passed between the date when Plaintiff notified Defendant of her claims and the date that Defendant responded to them.") (cleaned up); *Kiessling v. State Farm Mut. Auto. Ins. Co.*, No. CV 18-4281, 2019 WL 634639, at *3 (E.D. Pa. Feb. 14, 2019) (dismissing claim "that Defendant's handling of their claims for underinsured motorist benefits was in bad faith because Defendant failed to: (1) negotiate their underinsurance claims, (2) properly investigate and evaluate their claims, and (3) request that Plaintiffs submit to a defense medical examination" because Plaintiffs did not provide additional facts regarding "Plaintiff's insurance claims and Defendant's subsequent investigations, negotiations, and offer(s) on communications"); *Baxley v. State Farm Mut. Auto. Ins. Co.*, No. CV 20-5512, 2021 WL 149256, at *3 (E.D. Pa. Jan. 15, 2021) (dismissing bad faith claim because the plaintiff "has not provided any explanation of how Defendant responded to her claim, or what facts, beyond its failure to pay her claim, indicate bad faith. *The fact that she provided Defendant with supporting documents regarding her claim does not alone indicate bad faith*") (emphasis added); *Sypeck v. State Farm Mut. Auto. Ins. Co.*, No. 3:12-CV-324, 2012 WL 2239730, at *3 (M.D. Pa. June 15, 2012) (rejecting bad faith claim where the plaintiff argued she presented specific factual evidence of her injuries and that State Farm's offer of $5,000 was facially unreasonable, because "even if the offer was facially unreasonable, that does not prove that State Farm acted in bad faith-rather, it might have *negligently* failed to investigate and evaluate, leading to an unreasonable settlement offer")

(emphasis added); *Ream v. Nationwide Prop. & Cas. Ins. Co., NAIC*, No. 2:19-CV-00768, 2019 WL 4254059, at *4 (W.D. Pa. Sept. 9, 2019) ("[E]ven if the Court were to consider the Plaintiffs' reference to various documents in . . . the Complaint, such a reference to documents also fails to provide the actual factual detail necessary to plead a claim of bad faith. . . .  While the content of such documents may provide factual support for an argument that Plaintiffs' UIM claim may have merit, reference to them (or that Defendant had them) does not 'show' the 'where, when, and how' of Defendant's bad faith.  Rather, in essence Plaintiffs ask this Court to infer bad faith from Defendant's failure to pay the claim on their demand.") (internal citations omitted); *Pfister v. State Farm Fire & Cas. Co.*, No. 11CV0799, 2011 WL 3651349, at *2 (W.D. Pa. Aug. 18, 2011) ("Plaintiffs claim that Defendant failed to explain its reason for denying part of their claim. . . .  [Although] an insurer's failure to communicate with an insured can constitute bad faith . . . [h]ere, however, Plaintiffs do not outline their efforts to seek explanation from State Farm.  They have thus failed to assert 'what, where, when, and how the alleged bad faith conduct occurred.'") (internal citations omitted); *cf. Kirschner v. State Farm Fire & Cas. Co.*, No. CV 23-993, 2023 WL 7167568, at *7 (E.D. Pa. Oct. 31, 2023) (denying motion to dismiss bad faith claim because the plaintiff included multiple allegations in the complaint providing a "specific explanation of how Defendant failed to properly investigate the claim and describe[ing] specific communications from Defendant").

Thus, Plaintiffs' statutory bad faith claim is dismissed.  However, because this issue may be cured through more articulate pleading, this dismissal is without prejudice.

## B.      Loss of Consortium

Defendant argues that Mrs. Yauger's loss of consortium claim should be dismissed because her claims are derivative and "subsumed by her husband Michael's breach of contract

claim in Count I." (Doc. No. 11 at 10.) But the Court is unable to determine if the loss of

consortium claim is derivative or subsumed in this case, because it is unclear whether Mrs.

Yauger is a party to the same insurance contract with Defendant. For this reason, the Court must

dismiss Mrs. Yauger's loss of consortium claim. *See Perloff v. Transamerica Life Ins. Co.*, 393

F. Supp. 3d 404, 411–12 (E.D. Pa. 2019) (granting motion to dismiss because "a loss of

consortium claim may only be based on a breach of contract where the spouse asserting loss of

consortium is a party to the contract"); *Murray v. Com. Union Ins. Co.*, 782 F.2d 432, 437–38

(3d Cir. 1986) (affirming district court's dismissal of loss of consortium claim because "Mrs.

Murray was not a party to the contract, and therefore could not maintain such an action"); *Kase

v. Wiseman*, No. CIV. A. 93-3076, 1993 WL 409862, at *4 n. 14 (E.D. Pa. Oct. 12, 1993)

("[T]here is no recovery for loss of consortium based on breach of contract, unless the spouse

asserting loss of consortium is also a party to the contract."); *Pastin v. Allstate Ins. Co.*, No.

2:17CV1503, 2018 WL 10229728, at *4 (W.D. Pa. Aug. 17, 2018) (collecting cases). The Court

thus grants Defendant's motion to dismiss Mrs. Yauger's loss of consortium claim without

prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss Counts

II and III of the Complaint. Such dismissal is without prejudice and with leave to amend.

*See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so

requires."). Counsel is advised that any amended complaint shall be consistent with this

Memorandum and "must specifically include facts to address who, what, where, when,

and how the alleged bad faith conduct occurred." *Shetayh*, 2020 WL 1074709, at *3

(internal quotation marks and citations omitted).

An appropriate order follows.